IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
DOCKET NO. 3:04CR282-MU

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | **MEMORANDUM AND ORDER** |
| | ) | |
| ROBIN EDWARD REEDER, | ) | |
| | ) | |
| Defendant. | ) | |

**THIS MATTER** is before the Court on the Forensic Report following a competency evaluation (between November 29, 2004 and February 11, 2005) at FCI Butner. The Report concludes that the Defendant suffers from a significant mental defect and is <u>not</u> competent to proceed at this time. However, the expert evaluators recommend that the Defendant be committed to a federal medical center for an additional 120 days, including treatment and possible medication, to determine whether he can be restored to competency.

The undersigned conducted a hearing on this matter on Thursday, April 28, 2005, at which the Defendant, defense counsel (Julia Mims), and Assistant U.S. Attorney (AUSA) Robert Gleason were all present. AUSA Gleason urged the Court to adopt the recommendation of the evaluators at Butner, while defense counsel requested, orally and by written motion, that the Defendant be released on bond to a former care giver. Defense counsel also filed a written motion to dismiss the charges against him.

Although defense counsel may be correct that restoration of competency is unlikely, unless the Defendant can be restored to competency the next step would not be release (unless, of course, the Government decided to dismiss the charges), but an evaluation under 18 U.S.C. § 4246. See 18 U.S.C. § 4241(d) ("If at the end of the time period specified, it is determined that the defendant's mental condition has not so improved as to permit the trial to proceed, the defendant is subject to section 4246.")

Under § 4246, the essential questions are whether release of a defendant suffering from a mental disease or defect "would create a substantial risk of bodily injury to another person or serious damage to property of another," and whether "suitable arrangements for State custody and care of the person are ... available." If the first question is answered in the affirmative (substantial risk) and the second in the negative (suitable State arrangements), and the Court adopts these findings in a subsequent hearing, the statute provides for a defendant to remain in federal custody even after charges are dismissed or a defendant is found not guilty by reason of mental incompetency.

In this case, the Defendant is borderline mentally retarded and appears to be very passive and docile, but he does have a prior conviction for a sex offense involving a child and a pending state charge also involving inappropriate touching of a child. On the other hand, present in the courtroom at the April 28 hearing was

2

one of the Defendant's former care givers (who remains willing to take responsibility for him). Following his current state charge and prior to his in-custody evaluation, the Defendant had 24-hour care, including the services of this particular care giver which, if the Defendant is not restored to competency, the Court may ultimately conclude is sufficient to eliminate any risk the Defendant may otherwise pose. That decision, however, as was noted at the April 28 hearing, is for another day.

**NOW THEREFORE IT IS ORDERED:**

1. The Defendant is committed for a period of 120 days, pursuant to 18 U.S.C. § 4241(d), to the custody of the Attorney General for transfer to a suitable federal medical facility for the purpose of determining whether he can be restored to mental competency, through medication or any other appropriate medical or psychological treatment.

2. Any forcible administering of medication shall be consistent with the principles and procedures articulated by the Supreme Court in <u>Sell v. United States</u>, 123 S. Ct. 2174 (2003); and by the Fourth Circuit Court of Appeals (applying <u>Sell</u>) in <u>United States v. Evans</u>, ___ F.3d ___ (4th Cir. 2005)(Case No. 04-4230, decided April 12, 2005).

3. The 120-day time period shall not begin to run until the Defendant arrives at the federal medical facility, and shall cease

to run once the Defendant leaves the facility to be returned to the Western District of North Carolina for further proceedings.

4. In addition to determining whether the Defendant has been restored to competency or is likely to be restored to competency in the "foreseeable future" pursuant to § 4241(d), if the evaluators answer these questions in the negative, they shall also address the issues (noted above) which must then be resolved in § 4246. <u>If necessary, the Court will grant a reasonable extension of time to address the § 4246 issues (which the evaluators should specifically request if needed)</u>.

5. In that the Forensic Report and cover letter from Warden Stansberry note that the Defendant was himself "victimized by others during [his] evaluation period, and may require close supervision during transportation and housing for his own safety," those in whose custody he will be are hereby **ORDERED** to provide the required "close supervision" to insure the Defendant is not victimized again.

6. The Defendant's written motion for bond if **DENIED WITHOUT PREJUDICE** to renew it in the future; and his written "Motion To Dismiss Count One of Bill of Indictment" is **HELD IN ABEYANCE** pending the evaluation and report required by this Memorandum and Order.

7. The Clerk is directed to send copies of this Memorandum and Order to counsel for the parties (Julia Mims and AUSA Gleason); the

U.S. Marshal; to the Warden at FCI-Butner; <u>and to the Honorable Graham C. Mullen</u>.

**SO ORDERED**, this 29th day of April, 2005.

                                          *Carl Horn, III*
                                          **CARL HORN, III**
                                          **U.S. Magistrate Judge**